UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HAROLD LEE WILSON,

    *Plaintiff*,

v.                                          Case No. 2:06-cv-261
                                                   HON. R. ALLAN EDGAR

JERI-ANN SHERRY, et al.,

    *Defendants*.

_____/

**MEMORANDUM AND ORDER**

      Plaintiff Harold Lee Wilson, a state prisoner in the custody of the Michigan Department of Corrections (MDOC), brings this *pro se* civil rights action under 42 U.S.C. § 1983 seeking a declaratory judgment, injunctive relief, and compensatory and punitive damages. Plaintiff Wilson is an inmate at the Chippewa Correctional Facility (URF).

      The complaint is against the following defendants who are employed by MDOC at URF: Jeri-Ann Sherry, Warden; Duncan MacLaren, Assistant Deputy Director; Victoria, Weissinger, Assistant Resident Unit Supervisor; Thomas Mackie, Acting Assistant Deputy Director/Warden; G. Lemon, Acting Assistant Deputy Warden; Mitch Perry, Assistant Supervisor/Warden; M. McLean, Acting Grievance Coordinator; John McBride, Resident Unit Officer; and Donald Mansfield, Resident Unit Supervisor. In addition, plaintiff sues defendant Patricia L. Caruso, Director of MDOC. Plaintiff sues the defendants both in their individual capacities and in their official capacities as MDOC employees.

Pursuant to W.D. Mich. LCivR 72.1 and 72.2, the plaintiff's complaint was referred to United States Magistrate Judge Timothy P. Greeley for initial screening under 28 U.S.C. § 1915A. On November 22, 2006, the Magistrate Judge submitted his report and recommendation. [Doc. No. 10]. The Magistrate Judge recommends that the plaintiff's complaint against defendants Sherry, MacLaren, Weissinger, Mackie, Lemon, Perry, McLean, Mansfield, and Caruso be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A on the ground that plaintiff Wilson has failed to demonstrate exhaustion of his available administrative remedies as required by 42 U.S.C. § 1997e(a). It is further recommended that the plaintiff's complaint against defendant McBride be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c) on the ground that the complaint fails to state a claim against defendant McBride upon which relief can be granted.

Plaintiff has not timely filed an objection to the report and recommendation. After reviewing the record, the Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b).

The Court supplements and expands on the report and recommendation. The Court takes this opportunity to explain why the plaintiff's claims for money damages brought against all of the defendants in their official capacities as MDOC employees must be also dismissed for failure to state a claim upon which relief can be granted for additional reasons.

MDOC is an agency or department of the State of Michigan. A lawsuit against persons under 42 U.S.C. § 1983 in their official capacities as employees of MDOC is in effect the same as bringing suit against MDOC and the State of Michigan. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159,

165-66 (1985); *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003); *Mumford v. Basinski*, 105 F.3d 264, 270 n. 8 (6th Cir. 1997); *Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993); *Hardin v. Straub*, 954 F.3d 1193, 1198-99 (6th Cir. 1992); *Leach v. Shelby County Sheriff*, 891 F.3d 1241, 1245 (6th Cir. 1989); *Green v. Metrish*, 2006 WL 2506191, * 2 (W.D. Mich. Aug. 29, 2006).

Plaintiff Wilson cannot maintain a 42 U.S.C. § 1983 civil rights action against MDOC and the State of Michigan by suing MDOC employees in their official capacities.  The State of Michigan and its employees/agents acting in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983.  *Will*, 491 U.S. at 71; *Gean*, 330 F.3d at 766; *Moore v. McGinnis*, 182 F.3d 918 (Table, text in 1999 WL 486639, * 1 (6th Cir. June 28, 1999)); *Pusey*, 11 F.3d at 657-58; *Green*, 2006 WL 2506191, at * 3; *Burnett v. Michigan Department of Corrections*, 2006 WL 1547248, * 2 (W.D. Mich. June 5, 2006).

Furthermore, the Eleventh Amendment to the United States Constitution provides sovereign immunity for the States and it bars suits for money damages against the State of Michigan and its MDOC employees acting in their official capacities unless either: (1) the United States Congress expressly abrogates Eleventh Amendment immunity by statute; or (2) the State of Michigan gives its unequivocal, express consent to being sued under 42 U.S.C. § 1983 and waives its Eleventh Amendment sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *Johnson v. Unknown Irvine*, 79 Fed. Appx. 154, 155 (6th Cir. Oct. 24, 2003); *Nelson v. Miller*, 170 F.3d 641, 646 (6th Cir. 1999); *McGinnis*, 1999 WL 486639, at * 1; *Doe v. Wigginton* 21 F.3d 733, 736-37 (6th Cir. 1994); *Green*, 2006 WL 2506191, at * 3; *Secord v. Michigan Department of Corrections*, 2006 WL 2035301, * 2 (W.D. Mich. July 18, 2006); *Burnett*, 2006 WL 1547248, at * 2; *Henderson v.*

*Michigan Department of Corrections*, 2006 WL 958743, * 1 (W.D. Mich. April 10, 2006); *Webb v. Caruso*, 2006 WL 416261, * 3 (W.D. Mich. Feb. 22, 2006).

The United States Congress has not abrogated Eleventh Amendment immunity for the States in civil actions brought under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341, 345 (1979); *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993); *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990); *Green*, 2006 WL 2506191, at * 3; *Secord*, 2006 WL 2035301, at * 2; *Henderson*, 2006 WL 958743, at * 1; *Webb*, 2006 WL 416261, at * 3.

The State of Michigan has not waived its Eleventh Amendment immunity from suit in actions brought under 42 U.S.C. § 1983. In other words, the State of Michigan has not consented to being sued in the federal courts for money damages by plaintiff Wilson, a state prisoner, under 42 U.S.C. § 1983. *Johnson*, 357 F.3d at 545; *Hill v. Michigan*, 62 Fed. Appx. 114, 115 (6th Cir. 2003); *McGinnis*, 1999 WL 486639, at * 1; *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986); *Green*, 2006 WL 2506191, at * 3; *Secord*, 2006 WL 2035301, at * 2; *Burnett*, 2006 WL 1547248, at * 2; *Henderson*, 2006 WL 958743, at * 1; *Webb*, 2006 WL 416261, at * 3. In sum, to the extent that plaintiff Wilson pleads claims for compensatory and punitive damages against all of the defendants in their official capacities under 42 U.S.C. § 1983, these claims must be dismissed with prejudice.

Accordingly, the plaintiff's claims against defendants Sherry, MacLaren, Weissinger, Mackie, Lemon, Perry, McLean, Mansfield, and Caruso in their individual capacities shall be **DISMISSED WITHOUT PREJUDICE**. The plaintiff's claims against defendants Sherry, MacLaren, Weissinger, Mackie, Lemon, Perry, McLean, Mansfield, and Caruso in their official capacities demanding declaratory and injunctive relief shall be **DISMISSED WITHOUT PREJUDICE**.

The plaintiff's claims against defendants Sherry, MacLaren, Weissinger, Mackie, Lemon, Perry, McLean, Mansfield, and Caruso in their official capacities demanding compensatory and punitive damages under 42 U.S.C. § 1983 shall be **DISMISSED WITH PREJUDICE**. All of the plaintiff's claims against defendant McBride in both his individual and official capacities shall be **DISMISSED WITH PREJUDICE**.

For the same reasons that the Court dismisses this action and for the reasons expressed by the Magistrate Judge in the report and recommendation, the Court finds that there is no good faith basis for an appeal from this decision. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). A separate judgment will be entered.

SO ORDERED.

Dated: December 19 , 2006.

                                                  /s/ R. Allan Edgar
                                                    R. ALLAN EDGAR
                                      UNITED STATES DISTRICT JUDGE